IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ACUITY, A MUTUAL INSURANCE
INSURANCE COMPANY,                              )     **CONSOLIDATED CASES**
                                                )
                Plaintiff,                      )
                                                )
v.                                              )     Case No. 15-9183-JTM
                                                )
AQUARIUM SYSTEMS, INC.,                         )
MARINELAND, INC., UNITED PET                    )
GROUP, INC. and SPECTRUM BRANDS,                )
INC.,                                           )
                                                )
                Defendants.                     )
_____         )

JASON TOWNSEND and SECURA                       )
INSURANCE,                                      )
                                                )
                Plaintiffs,                     )
                                                )
        v.                                      )     Case No. 15-9216-JTM
                                                )
SPECTRUM BRANDS, INC., UNITED                   )
PET GROUP, INC., AQUARIUM SYSTEMS,              )
INC., and MARINELAND, INC.,                     )
                                                )
                Defendants.                     )

## ORDER

On September 8, 2015, the undersigned U.S. Magistrate Judge, James P. O'Hara,

convened a scheduling conference in Case No. 15-9183, styled *Acuity, A Mutual Insurance*

*Company v. Aquarium Systems, Inc., et al.*; Hon. J. Thomas Marten is the presiding U.S.

O:\ORDERS\15-9183-JTM-consolidating.wpd

District Judge in Case No. 15-9183.

It quickly became clear during the September 8 scheduling conference that there was a closely related case pending in this court, Case No. 15-9216, styled *Townsend v. Spectrum Brands, Inc., et al.*; Hon. Julie A. Robinson is the presiding U.S. District Judge in Case No. 15-9216.  Lead counsel for the plaintiffs in the *Townsend* case was then patched into the conference by telephone.  The court proceeded to discuss with counsel whether the two cases should be consolidated.  The court set a September 10, 2015 deadline for the parties to inform the court whether they consented to the two cases being consolidated for discovery and pretrial purposes, and/or trial (ECF doc. 8).

The parties in both cases agree that the cases should be consolidated for discovery and pretrial purposes.  The plaintiffs in both cases consent to the cases also being consolidated for trial, but defendants do not.

Under Fed. R. Civ. P. 42(a), a court may consolidate or join for trial or hearing "any or all the matters at issue in the actions" if the actions involve a "common question of law or fact."  The decision whether to consolidate such actions is left to the sound discretion of the trial court.[1]  In exercising its discretion, the court should take into consideration whether judicial efficiency is best served by consolidation.[2]

---

[1] *Ryan Transp. Servs., Inc. v.  Fleet Logistics, L.L.C.,* No. 04-2445-CM, 2005 WL 2293598, at *3 (D. Kan. Sept. 19, 2005) (citing *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978)).

[2] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008).

The cases captioned above clearly involve common questions of law and fact. Though brought by different insurers, these two cases involve the same occurrence and the same defendants.  They arise from the same nucleus of facts, specifically, a June 30, 2013 fire occurring in a commercial building in Overland Park, Kansas.  Both actions allege that the fire was caused by a defective aquarium tank heater manufactured, distributed, or sold by defendants.  Defendants are represented in both cases by Brian G. Boos of Wallace Saunders Austin Brown & Enochs.  Judicial efficiency clearly would be best served by consolidation of these cases for all discovery and pretrial purposes.  As defendants are not prepared at this time to consent to consolidation for trial, however, the court will set a deadline at the final pretrial conference for any trial consolidation motion.

In consideration of the foregoing,

IT IS HEREBY ORDERED that Case No. 15-9216 shall be consolidated for discovery and pretrial purposes with Case No. 15-9183.  Case No. 15-9183 is designated as the lead case. **All future pleadings, except for those related to dispositive motions, shall bear the consolidated caption on this order and shall be filed in only the lead case.  Any dispositive motions and other filings related to same shall be filed in the specific case without a consolidated caption.**  As discussed at the conference, the undersigned will separately enter a scheduling order setting deadlines for these consolidated cases.

IT IS FURTHER ORDERED that, as directed by Chief Judge Marten pursuant to his authority under 28 U.S.C. § 137, and with the concurrence of Judge Robinson, Case No. 15-9216 is hereby reassigned to Chief Judge Marten for purposes of dispositive motions and

O:\ORDERS\15-9183-JTM-consolidating.wpd                    -3-

trial.  The undersigned U.S. Magistrate Judge will continue to handle all discovery and pretrial management in both cases.

Dated September 14, 2015, at Kansas City, Kansas.

 s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge